UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOUSING ENTERPRISE INSURANCE
COMPANY, INC., a Vermont corporation,

    Plaintiff,

v.

HOPE PARK HOMES LIMITED DIVIDEND
HOUSING ASSOCIATION LIMITED
PARTNERSHIP, a Michigan domestic limited
partnership; HOPE PARK HOMES, INC., a
Michigan domestic profit corporation; KMG
PRESTIGE, INC., a Michigan domestic profit
corporation; FREDERICK AGEE,
individually; TAMMY GREENLEE,
individually and as parent and natural
guardian of TREYVON GREENLEE, a minor,
and TAMARIA ARNOLD, a minor; MOTOR
CITY HEATING & COOLING, INC., a
Michigan domestic profit corporation;
AFFINITY PROPERTY MANAGEMENT,
LLC, a Michigan limited liability company;
BRIGHTMOOR HOMES, INC., a Michigan
domestic profit corporation; AIG SPECIALTY
INSURANCE COMPANY, an Illinois
corporation; ROCKHILL INSURANCE
COMPANY, an Arizona corporation; and
STARSTONE NATIONAL INSURANCE
COMPANY, a Delaware corporation,

    Defendants.
_____/

Civil Action No.:  18-cv-_____

Hon.  _____

**COMPLAINT**

1

| | |
|---|---|
| Stephen M. Kelley (P33197) | Alan R. Lyons (NY 2920999) |
| Stephen M. Kelley, P.C. | Herrick, Feinstein LLP |
| 19501 East Eight Mile Road | Two Park Avenue |
| St. Clair Shores, MI 48080 | New York, NY 10016 |
| (586) 563-3500 | (212) 592-1539 |
| skelley@kelleyattys.com | alyons@herrick.com |
| Counsel for plaintiff Housing Enterprise Insurance Company, Inc. | Counsel for plaintiff Housing Enterprise Insurance Company, Inc. |

# COMPLAINT

Plaintiff Housing Enterprise Insurance Company, Inc., by counsel seeks entry of a Declaratory Judgment pursuant to 28 U.S.C. §2201 holding that plaintiff has no duty to defend, no duty to indemnify, and no duty to pay any defendant herein in connection with the allegations of the Complaint filed in underlying litigation pending in Wayne County Circuit Court, Michigan, Case No. 17-011185-NO ("Underlying Litigation").  In support of the requested relief, plaintiff by counsel alleges the following:

## THE PARTIES

1. Plaintiff HOUSING ENTERPRISE INSURANCE COMPANY, INC. ("HEIC") is a Vermont domestic profit corporation with its principal place of business at 189 Commerce Court, Cheshire, Connecticut 06410.  HEIC provided certain commercial general liability insurance to non-party Northwest Detroit Neighborhood Development Corporation ("NDND"), a Michigan domestic nonprofit corporation with its principal place of business at 16631 Lahser Road, Detroit, Wayne County, Michigan 48219 as the first named insured, and to other entities as additional named insureds including defendant HOPE PARK HOMES LIMITED DIVIDEND HOUSING ASSOCIATION LIMITED PARTNERSHIP.

2

2. Defendant HOPE PARK HOMES LIMITED DIVIDEND HOUSING ASSOCIATION LIMITED PARTNERSHIP ("HPHLP") is a Michigan domestic limited partnership with its principal place of business at 16631 Lahser Road, Detroit, Wayne County, Michigan, 48219.[1] Upon information and belief HPHLP owned the property located at 15490 Pierson Street, Detroit, Wayne County, Michigan (the "Property") in April 2017.  HPHLP is a defendant in the Underlying Litigation.

3. Defendant HOPE PARK HOMES, INC. ("HPH") is a Michigan domestic profit corporation with its principal place of business at 16631 Lahser Road, Detroit,

---

[1] Upon information and belief, the General Partners of HPHLP are HPH and NRP Hope Park Homes LLC, a foreign limited liability company organized under the laws of the State of Ohio, with its principal place of business at 1228 Euclid Avenue, Fourth Floor, Cleveland, Ohio, 44115.  Upon information and belief, the managing member of NRP Hope Park Homes LLC is The NRP Group LLC, a foreign limited liability company organized under the laws of the State of Ohio with its principal place of business at 1228 Euclid Avenue, Fourth Floor, Cleveland, Ohio.

Upon information and belief, the Limited Partner of HPHLP is Great Lakes Capital Fund for Housing Limited Partnership XII, a Michigan domestic limited partnership with its principal place of business at 1000 South Washington, Lansing, Michigan 48910 ("Great Lakes XII").  Upon information and belief, the General Partner of Great Lakes XII is GLCFH-XII, Inc., a Michigan corporation with its principal place of business at 1118 South Washington, Lansing, Michigan 48910.  Upon information and belief, the Limited Partners of Great Lakes XII are:
  a. FNBC Leasing Corporation, a Delaware corporation with its principal place of business at 21 S. Clark Street, 12th Floor, Chicago, Illinois 60603;
  b. The Huntington Community Development Corporation, an Ohio corporation with its principal place of business at 41 South High Street, HC0624, Columbus, Ohio 43287;
  c. Fifth Third Community Development Corporation, an Indiana corporation with its principal place of business at 5747 Perimeter Drive, Suite 253, Dublin, Ohio 43017.

Upon information and belief the Limited Partners of Great Lakes XII also may include Comerica Bank, a Texas banking association with its principal place of business at Comerica Bank Tower, Dallas, TX, and may include/have included J.P. Morgan Chase Bank, N.A., upon information and belief a banking association organized under the laws of the United States with its principal place of business in Columbus, Ohio, or New York, New York; Keybank, N.A., upon information and belief a banking association organized under the laws of the United States or Ohio with its principal place of business at Key Tower, 127 Public Square, Cleveland, Ohio 44114; and the former LaSalle Bank, N.A., upon information and belief a now-defunct banking association organized under the laws of the United States or Delaware with its former principal place of business in Chicago, Illinois.

Upon information and belief none of the partners of HPHLP or any underlying partnership is a citizen of Vermont or Connecticut.

3

Wayne County, Michigan 48219.  Upon information and belief HPH was a general partner of HPHLP in April 2017.  HPH is a defendant in the Underlying Litigation.

4. Defendant KMG PRESTIGE, INC. ("KMG") upon information and belief is a Michigan domestic profit corporation with its principal place of business at 102 South Main Street, Mt. Pleasant, Isabella County, Michigan, and does business under the assumed names KMG Prestige and Prestige Management Group.  KMG was the property management company for the Property and acted as HPHLP's property manager with respect to the Property in April 2017.  KMG is a defendant in the Underlying Litigation.

5. Defendant FREDERICK AGEE ("Agee") upon information and belief resided at the Property on April 13, 2017, and is a plaintiff in the underlying Complaint filed in the Underlying Litigation on or about July 26, 2017, captioned *Frederick Agee, et al. v. Motor City Heating & Cooling, Inc., et al.,* ("Underlying Complaint") (attached as Exhibit A, HEIC00133-181).

6. Defendant TAMMY GREENLEE ("Greenlee") upon information and belief resided at the Property on April 13, 2017, and is a plaintiff in the Underlying Complaint, both individually and as parent and natural guardian of TREYVON GREENLEE aka Tre'Vyon Greenlee, a minor, and TAMARIA ARNOLD, a minor.

7. Defendants Agee and Greenlee and TREYVON GREENLEE AND TAMARIA ARNOLD hereinafter sometimes are collectively referred to as "Underlying Plaintiffs".

8.     Defendant MOTOR CITY HEATING & COOLING, INC. ("Motor City"), is a Michigan domestic profit corporation upon information and belief with its principal place of business at 34471 Industrial Road, Livonia, Wayne County, Michigan 48150.  Motor City is a defendant in the Underlying Litigation.  Upon information and belief, Motor City serviced the furnace at the Property.

9.     Defendant AFFINITY PROPERTY MANAGEMENT, LLC ("Affinity"), is a Michigan limited liability company with its principal place of business at 102 South Main Street, Mt. Pleasant, Michigan 48858 (same address as KMG).  Affinity is a defendant in the Underlying Litigation but upon information and belief Affinity was not involved with the Property in April 2017.

10.    Defendant BRIGHTMOOR HOMES, INC. ("Brightmoor"), is a Michigan domestic profit corporation with its principal place of business at 16631 Lahser Road, Detroit, Wayne County, Michigan 48219.  Brightmoor is a defendant in the Underlying Litigation but upon information and belief was not involved with the Property in April 2017.

11.    Defendant AIG SPECIALTY INSURANCE COMPANY ("AIG") upon information and belief is an Illinois domiciled corporation and domestic surplus lines insurer with its principal place of business at 185 Water Street, 18th Floor, New York, New York 10038.  Upon information and belief, AIG insured defendants KMG (as named insured) and HPHLP/HPH (as additional insureds) under a claims-made Commercial Real Estate Pollution Legal Liability policy for the policy period December 31, 2015 to December 31, 2018 pursuant to policy number CRE 14491365.

12. Defendant ROCKHILL INSURANCE COMPANY ("Rockhill") upon information and belief is an Arizona domiciled corporation with its principal place of business at 700 West 47th Street Suite 350, Kansas City, Missouri 64112. Upon information and belief, Rockhill provided commercial general liability insurance to defendant KMG for the policy period December 31, 2016 to December 31, 2017 pursuant to policy number RCGLPG01618-02.

13. Defendant STARSTONE NATIONAL INSURANCE COMPANY ("Starstone") upon information and belief is a Delaware corporation with its principal place of business at Harborside 5, 185 Hudson Street Suite 2600, Jersey City, New Jersey 07311, was formerly known as Torus National Insurance Company, and is part of the Enstar Group. Upon information and belief, StarStone issued a Following Form Excess Liability Policy to NDND for the period December 31, 2016-December 31, 2017, which is excess of the above-referenced policy issued by HEIC to NDND.

## JURISDICTION AND VENUE

14. This Court has original jurisdiction over this case of actual controversy pursuant to 28 U.S.C.§1332 because the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and there is complete diversity of citizenship between plaintiff, a citizen of Vermont and Connecticut, and all defendants, none of which is a citizen of Vermont or Connecticut. This Court has authority to declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§2201-2202.

15. Venue is proper in this District pursuant to 28 U.S.C. §1391 because Underlying Plaintiffs' alleged claims and damages arose in Wayne County, Michigan, and said defendants reside in Wayne County, Michigan.

## THE INSURANCE CONTRACT

16. HEIC issued a commercial liability insurance policy to NDND as named insured under policy number HEICL-224552-166827-2016 effective December 31, 2016 to December 31, 2017 ("the Policy") (attached as Exhibit B, HEIC00001-132). With respect to Bodily Injury Liability, the Policy provided an Each Occurrence Limit of $1,000,000 and a General Aggregate limit of $2,000,000 for all damages and payments during the policy period.

17. HPHLP is an additional named insured under the Policy pursuant to the Named Insured Extension Schedule endorsement (Exhibit B, Form HAIL 0007 02 11, p. 106/132, HEIC00106).

18. In its capacity as real estate manager, KMG also is an insured under the Policy.[2]

19. The Policy provides certain liability insurance under various Coverage Sections including Coverage L for Bodily Injury Liability and Property Damage Liability at scheduled locations; the Policy's Declarations lists the Property as a HPH location

---

[2] The Policy's definition of "Insured" includes "any person or organization, except **your employees**, while acting as **your** real estate manager" (Exhibit B, Form GL-200 Ed 1.0 p. 3, p. 87/132, HEIC00087).

(Exhibit B, p. 68/132, HEIC00068, and Form GL-200 Ed 1.0 p. 2 and 4, pp. 86 and 88/132, HEIC00086 and HEIC00088).

20. The Coverage Agreement of Coverage L states as follows:

> **We** pay all sums which an **insured** becomes legally obligated to pay as **damages** due to **bodily injury** or **property damage** to which this insurance applies. The **bodily injury** or **property damage** must be caused by an **occurrence** which takes place in the **coverage territory**, and the **bodily injury** or **property damage** must occur during the policy period.

(Exhibit B, Form GL-200 Ed 1.0 p. 5, p. 89/132, HEIC00089).

21. The Policy defines "bodily injury" as follows:

> **Bodily injury** means bodily harm, sickness, or disease sustained by a person and includes required care and loss of services. **Bodily injury** includes death that results from bodily harm, sickness, or disease. **Bodily injury** does not include mental or emotional injury, suffering, or distress that does not result from physical injury.

(Exhibit B, Form GL-200 Ed 1.0 p. 2, p. 86/132, HEIC00086).

22. The Policy defines "Occurrence" as "an accident and includes repeated exposure to similar conditions." (Exhibit B, Form GL-200 Ed 1.0 p. 3, p. 87/132, HEIC00087).

23. The Policy contains the following pollution exclusion (in relevant part):

> **EXCLUSIONS**
>
> **We** do not pay for a loss if one or more of the following excluded events apply to the loss, regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded event.
>
> **EXCLUSIONS THAT APPLY TO BODILY INJURY, PROPERTY DAMAGE, PERSONAL INJURY, AND/OR ADVERTISING INJURY**
>
>           \*                   \*                \*
>
> 10. **We** do not pay for:

    a. **bodily injury** or **property damage** arising out of the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, or escape of pollutants:

        1) at or from any premises, site, or location which is, or was at any time owned by, occupied by, rented to, or loaned to any **insured**, unless the **bodily injury** or **property damage** arises from the heat, smoke, or fumes of a fire which becomes uncontrollable or breaks out from where it was intended to be located; . . .

(Exhibit B, Form GL-200 Ed 1.0 pp. 7-9, pp. 91-93/132, HEIC00091-93).

24. The Policy defines "pollutants" as follows:

    a. any solid, liquid, gaseous, thermal, or radioactive irritant or contaminant, including acids, alkalis, chemicals, fumes, smoke, soot, vapor, and waste. Waste includes materials to be disposed of as well as recycled, reclaimed, or reconditioned.
    b. electric or magnetic emissions, whether visible or invisible, and sound emissions.

(Exhibit B, Form GL-200 Ed 1.0 pp. 7-9, pp. 91-93/132, HEIC00091-93).

25. The Policy states that HEIC has "the right and duty to defend a suit seeking **damages** which may be covered under the Commercial Liability Coverage" (Exhibit B, Form GL-200 Ed 1.0 p. 7, "DEFENSE COVERAGE", p. 91/132, HEIC00091).

26. Plaintiff further expressly relies on the Policy's other declarations, schedules, terms, conditions, exclusions, and endorsements, including but not limited to the Policy's limits and Other Insurance provisions (Exhibit B, Form GL-200 Ed 1.0 pp. 12-13, "HOW MUCH WE PAY", pp. 96-97/132, HEIC00096-97, p. 14, "Separate Insureds", p. 98/132, HEIC00098, and p. 13, "Insurance Under More Than One Policy", p. 97/132, HEIC00097 as amended by p. 113/132, HEIC00113).

## THE UNDERLYING COMPLAINT

27. On or about July 26, 2017, the Underlying Plaintiffs by counsel filed the Underlying Complaint in the Underlying Litigation (Exhibit A, HEIC00133-181).

28. The Underlying Complaint alleged that on April 13, 2017, the home furnace system at the Property malfunctioned, releasing carbon monoxide inside the Property and causing Underlying Plaintiffs to suffer carbon monoxide poisoning, allegedly due to defendants' failure to properly inspect or maintain the furnace in proper and safe working order and failing to have functioning carbon monoxide detectors or adequate ventilation at the Property.

## COUNT I: DECLARATORY RELIEF

29. Underlying Plaintiffs' alleged bodily injury arises out of the actual or alleged discharge, dispersal, seepage, migration, release or escape of carbon monoxide, which is a "pollutant" as defined by the Policy as a gaseous irritant or contaminant.

30. Accordingly, Underlying Plaintiffs' claims are excluded from coverage under the Policy, and HEIC has no duty to defend or duty to indemnify or duty to pay its insureds or any other defendant in connection with actual or alleged bodily injury sustained by Underlying Plaintiffs.

31. By letter dated July 24, 2018, HEIC notified defendants HPHLP and HPH that HEIC reserved its right to deny a duty to indemnify HPHLP, HPH and KMG in connection with any settlement or judgment in the Underlying Litigation on the basis of

the pollution exclusion in the Policy (attached as Exhibit C, HEIC000182-184).  HEIC denies it has any duty to indemnify any individual or entity with respect to the claims made by the Underlying Plaintiffs in the Underlying Litigation.

32.     By letter dated July 24, 2018, HEIC notified defendant KMG that HEIC reserved its right to deny a duty to indemnify HPHLP, HPH and KMG in connection with any settlement or judgment in the Underlying Litigation on the basis of the pollution exclusion in the Policy (attached as Exhibit D, HEIC000185-187).  HEIC denies it has any duty to indemnify any individual or entity with respect to the claims made by the Underlying Plaintiffs in the Underlying Litigation.

33.     Upon information and belief, there is an actual controversy between HEIC and one or more of the defendants with respect to whether HEIC has a duty to defend or a duty to indemnify HPHLP, HPH and/or KMG in the Underlying Litigation.

34.     Accordingly, HEIC respectfully asks this Court to declare HEIC's rights and legal obligations under the Policy with respect to the Underlying Complaint and Underlying Litigation, and respectfully requests entry by this Court of an Order and Judgment declaring that HEIC has no duty to defend, no duty to indemnify, and no duty to pay any defendant in connection with actual or alleged bodily injury sustained by Underlying Plaintiffs.

## RELIEF REQUESTED

WHEREFORE, plaintiff Housing Enterprise Insurance Company, Inc., by counsel respectfully asks this Court to enter its Declaratory Judgment holding that plaintiff has

no duty to defend, no duty to indemnify, and no duty to pay any defendant herein in connection with the allegations of the Underlying Complaint or Underlying Litigation.

                Respectfully submitted,

                Stephen M. Kelley, P.C.

Dated: December 21, 2018      By: */s/ Stephen M. Kelley*
                Stephen M. Kelley (P33197)
                19501 East Eight Mile Road
                St. Clair Shores, MI 48080
                (586) 563-3500
                skelley@kelleyattys.com

                - and -

                Alan R. Lyons (NY 2920999)
                Herrick, Feinstein LLP
                Two Park Avenue
                New York, New York, 10016
                (212) 592-1539
                alyons@herrick.com

                Counsel for plaintiff Housing Enterprise Insurance Company, Inc.